[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case the plaintiffs seek to recover damages they sustained when Joseph Claffey intentionally drove his automobile into them as they walked along the street. The plaintiff's claim that the defendants' negligent treatment of Claffey resulted in the injuries they sustained.
In Fraser v. United States, 236 Conn. 625, 674 A.2d 811 (1996) the Court considered whether psychotherapists were liable for the death of the plaintiff's decedent after their patient fatally stabbed the decedent. The Court held that the defendants owed no duty to the CT Page 1024 decedent, the patient's friend and former employer, because the decedent was not an identifiable victim, a member of a class of identifiable victims or within the zone of risk to an identifiable victim.
The defendants have argued that the Wozniak family, people who did not know Claffey, were not identifiable victims under Fraser. According to the defendants the Wozniaks were within the class of all pedestrians in New Britain, a class so large that it could not conceivably be deemed "identifiable."
The case of Shore v. Stonington, 187 Conn. 147, 444 A.2d 1379 (1982), supports the defendants' position. In that case a police officer stopped a person who appeared to be intoxicated, but allowed him to continue to drive his automobile. Later the intoxicated driver struck the vehicle of the plaintiff's decedent causing his death. If the decedent in Shore was not an identifiable potential victim of an intoxicated driver, then it is questionable whether the Wozniaks were identifiable victims of Claffey.
However, the presence of Connecticut General Statutes § 14-46 is a factor which was not present in Fraser or Shore. That statute provides, in pertinent part:
 Any physician may report to the Department of Motor Vehicles, in writing, the name, age and address of any person diagnosed by him to have any chronic health problem which in the physician's judgment will significantly affect the person's ability to safely operate a motor vehicle.
Section 14-46 may have an impact on the "identifiability" of the plaintiffs as victims of Claffey.
This case was filed in 1995. The defendants moved to strike the complaint on essentially the same grounds that they raise in the Motions for Summary Judgment. This court, M. Hennessey, J., denied the motion to strike. I received the case to start trial in September, 2000. The plaintiffs for good cause sought and were granted a continuance of the trial. The defendants with the court's permission took advantage of the additional time afforded by the continuation of the trial to file these motions.
In light of the foregoing procedural history, I am not inclined to deny the plaintiffs their day in court absent my ability to state with certainty that the plaintiffs have absolutely no cause of action. I cannot so state and, therefore, the Motions for Summary Judgment are denied. CT Page 1025
By the court
Aurigemma, J.